```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

LaSANDRA NORMAN,              )
                              )
Plaintiff,                    )
                              )
vs.                           )   NO. 2:11-CV-097
                              )
UNITED STATES OF AMERICA,     )
                              )
Defendant.                    )

## OPINION & ORDER

This matter is before the Court on: (1) the Motion for Summary Judgment, filed by Defendant on April 8, 2011 [DE #11], and (2) the Motion seeking a trial date, filed by Plaintiff on August 15, 2011 [DE #19]. For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's motion for a trial date is **DENIED AS MOOT.** The Clerk is **ORDERED** to **DISMISS** this case without prejudice.

BACKGROUND

On January 4, 2011, Plaintiff LaSandra Norman ("Norman") filed a Complaint in the Lake Superior Court in Crown Point, Indiana. (DE #1). She alleged malpractice by two of her treating dentists at North Shore Health Centers, Drs. Nikki Dent-Wardo and Kurt N. Richeson. Specifically, Norman describes the nature of her claim as follows:

> accusing Defendants of malpractice, prescribing medications that gave patient severe yeast infection. Payment of medical bills. Causing other teeth problems pain & suffering, drilling without numbing medication.

(DE 1).

Because Drs. Dent-Wardo and Richeson are federal employees, Norman's malpractice claim falls under the Federal Tort Claims Act ("FTCA"), 28 U.S.C § 2671 *et seq*. Subsequent to filing her Complaint, Norman filed an administrative claim before the Claims and Employment Law Branch of the Department of Health and Human Services ("DHHS"). Pursuant to 42 U.S.C. § 233(c), the case was removed to this Court on March 16, 2011, and the United States was substituted for Drs. Dent-Wardo and Richeson. On April 8, 2011, the United States filed the instant Motion for Summary Judgment claiming that Norman's lawsuit is premature because she filed it before filing her administrative claim and before receiving an agency decision.

Along with the instant motion for summary judgment, the United States provided Plaintiff with notification pursuant to *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). This notice described in plain English what was required of Plaintiff to oppose the motion for summary judgment. *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Norman filed a response on April 20, 2011. The United States filed its reply on April 20, 2011. The summary judgment

motion is now fully briefed and ripe for adjudication.

DISCUSSION

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corporation. v. Catrett*, 477 U.S. 317, 322–23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406 (7th Cir. 2009).

The burden is upon the movant to identify those portions of the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must . . set out specific facts showing a genuine issue for

trial." Fed. R. Civ. P. 56(e); *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original). *See also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate.

Northern District of Indiana Local Rule 56.1 requires the moving party to file with the Court a "'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56.1(a). In response, the opposing party is obligated to file with the Court a "'Statement of Genuine Issues' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary."

N.D. Ind. L.R. 56.1(b).

In this case, as the moving party, Defendant has submitted a Statement of Material Facts with appropriate citations to supporting evidence. However, Plaintiff has submitted a response titled "Answer from Plaintiff for Motion Summary Judgment" which does not contain a Statement of Genuine Issues. More importantly, the response is not sworn, and although several documents are attached, those documents do not contradict any of the material facts set forth in Defendant's Statement of Material Fact. Therefore, the following facts asserted by Defendant and supported by admissible evidence are considered to exist without controversy for the purposes of this motion for summary judgment.

Facts

Norman initiated this action by filing a Notice of Claim in the Lake Superior Court in Crown Point, Indiana, on January 4, 2011. That Notice of Claim named two defendants, both dentists: Dr. Dent-Wargo and Dr. Richeson.[1] Drs. Dent-Wargo and Richeson are both employees of NorthShore Health Centers ("NorthShore"). Northshore has been determined to be a federally assisted health center and is deemed a federal employee under the Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA").

---

[1]Norman erroneously referred to Dr. Richeson as Dr. Richardson.

NorthShore's employees are also deemed to be federal employees. As federal employees, NorthShore and its employees are covered under the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2401(b) and 2671-2680. The United States Attorney, as the delegee of the Attorney General, has certified that Drs. Dent-Wargo and Richeson were acting in the scope of their employment at the time of the events which gave rise to Norman's claim. At the time Norman filed her complaint, she had not yet filed an administrative claim with the DHHS. After filing this case, Norman filed an administrative claim.[2] At the time the instant motion for summary judgment was filed, the claim was pending before the DHHS and had not yet been ruled on. On August 15, 2011, Norman filed a motion indicating her administrative claim had been denied, and requesting a trial date.

Defendants contend that, because Drs. Dent-Wargo and Richeson are deemed federal employees and the FTCA therefore governs this case, Norman was required to fully exhaust her remedies under the

---

[2] The declaration of James Anagnos indicates the administrative tort claim was received by DHHS on March 9, 2011. Norman's response, although unsworn, asserts that she filed the administrative claim, which she refers to as a "standard 95" on February 11, 2011. A footnote in the United States' motion suggests that the form was sent, unsigned, to the Department of Justice and was therefore returned to Norman. Norman then signed the form and returned it again to the Department of Justice, which then forwarded the claim to the DHHS. Perhaps this explains the discrepancy regarding the date that the administrative claim was filed. Nonetheless, even if Norman's unsworn contention that it was filed on February 11, 2011, is accepted as true, the material fact does not change: the administrative claim was filed after this case was instituted in the Lake Superior Court on January 4, 2011.

FTCA prior to instituting a lawsuit, and that her failure to fully exhaust her remedies requires that her suit be dismissed as premature.

Drs. Dent-Wargo and Richeson are federal employees

Drs. Dent-Wargo and Richeson are employees of the federal government by virtue of their position as employees of the Public Health Service. *See* 42 U.S.C. § 233(g)(1). Pursuant to Title 42 U.S.C. section 233, the FSHCAA, employees of federally supported health centers are deemed federal employees, for various purposes, including tort liability coverage. NorthShore is a federally assisted health clinic. Thus, in this case, the DHHS has determined that, because of their employment at NorthShore, Drs. Dent-Wargo and Richeson qualify for federal employee status. Norman's response to the instant summary judgment motion does not contend otherwise.

The FTCA governs this action

As an outgrowth of their federal status, pursuant to 42 U.S.C. section 233(g)-(n), Drs. Dent-Wargo and Richeson qualify for federally provided tort liability coverage. Thus, any malpractice claims stemming from activities conducted in the scope of their employment at NorthShore are covered by the FTCA, 28 U.S.C. sections 1346(b), 2401(b), and 2671-2680. In order to be covered,

both dentists' activities must have occurred within the scope of their employment.

United States Attorneys are authorized by the Attorney General to determine whether a particular federal employee was "acting within the scope" at the time of events giving rise to a tort claim. In this case, the United States Attorney has conclusively certified that both Drs. Dent-Wargo and Richeson were, in fact, acting within the scope of their employment at NorthShore during the encounters that form the basis for Norman's malpractice claims against the dentists.

When federal employees who acted within the scope of their employment are sued, the United States may be substituted for defendant(s), and the case is subject to removal to federal court. In this case, in compliance with the DHHS's request to the United States Attorney, the United States was substituted as defendant in place of Drs. Dent-Wargo and Richeson, and the case was removed to this Court.

## Plaintiff's claim is premature and must be dismissed.

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages [...] unless the claimant shall have first presented the claim to the appropriate federal agency *and* his claim shall have been finally denied by the agency in writing [...]." *See McNeil v. United States*, 508 U.S.

106, 107 (1993) (quoting 28 U.S.C. § 2675(a)) (emphasis added). Prior to filing her complaint, a plaintiff must establish that she filed an administrative claim before the appropriate federal agency *and* that her claim was finally denied. 28 U.S.C. § 2675(a). One or the other, standing alone, is insufficient. In other words, prior to filing her complaint, a plaintiff must fully exhaust her administrative remedies. *See McNeil*, 508 U.S. at 107.

The receipt of a final disposition before any "substantial progress" is made in the litigation is insufficient. *Id.* Prior to 1993, circuits disagreed as to whether a plaintiff who prematurely instituted an FTCA action could proceed if no "substantial progress" had occurred when the administrative remedies were exhausted. The Seventh Circuit took the position that such suits were premature and must be dismissed. *See McNeil v. United States*, 964 F.2d 647 (7th Cir. 1992).

In *McNeil*, the Seventh Circuit considered whether a *pro se* prisoner's FTCA claim was filed prematurely in light of the fact that the plaintiff had failed to first pursue available remedies through the DHHS. McNeil filed his complaint in March of 1989 and filed his DHHS claim in June of 1989. His claim was eventually denied in July of 1989. The district court dismissed his suit as premature. On appeal, the Seventh Circuit acknowledged that two circuits have found that "[t]o hold that refiling was necessary would involve duplicitous pleadings and wasted effort." *See McNeil*,

964 F. 2d at 648. However, in McNeil's case, the Seventh Circuit construed FCTA section 2675(a) quite literally, reasoning that the "statute does not authorize or postpone adjudication of suits; it *forbids the institution of suits prior to the administrative decision*" (emphasis added). *See id.* In 1993, the Supreme Court affirmed the Seventh Circuit's holding in *McNeil*, conclusively settling the exhaustion of administrative remedies question. *McNeil*, 508 U.S. at 113.

Norman filed her Complaint on January 4, 2011, over two months before filing her DHHS administrative claim on March 9, 2011.[3] At the time the United States filed the instant Motion for Summary Judgment, Norman was still approximately five months short of a final agency disposition: the DHHS denied her claim in August of 2011. Her original Complaint filed on January 4, 2011, was premature.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil*, 508 U.S. at 113. Because Norman "failed to heed that clear statutory command," this Court lacks subject matter jurisdiction over her suit, and it must be dismissed. *Id.*; *Loper v. United States*, 904 F.Supp. 863 (N.D. Ind. 1995)("District courts lack subject matter jurisdiction over suits filed under the FTCA if the

---

[3]If Plaintiff's unsworn assertion that the administrative claim was filed in February is accepted, then the complaint was filed one month before her DHHS administrative claim was filed.

plaintiffs have failed to comply with the FTCA's requirements.").

Seventh Circuit precedent is clear: Ms. Norman must re-file her case within six months of her administrative agency disposition or forfeit any available remedy. *See McNeil*, 508 U.S at 106 (affirming the Seventh Circuit's holding that plaintiff must re-file even if no "substantial progress" has yet taken place in the litigation).

CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (DE #11) is **GRANTED** and Plaintiff's motion for a trial date is **DENIED AS MOOT.** The Clerk is **ORDERED** to **DISMISS** this case without prejudice.

**DATED: November 08, 2011**           **/s/RUDY LOZANO, Judge**
                                       **United States District Court**